George Tilzer, J.
This is a motion by petitioners for an order, pursuant to article 78 of the Civil Practice Law and Rules, *367 annulling and setting aside respondent New York State Liquor Authority’s determination denying petitioners’ application for a restaurant liquor license.
Petitioners are Chapter X Reorganization Trustees of the La Guardia Hotel Sire Plan, Inc. (La Guardia), having been appointed as such by the United States District Court on February 18,1963.
La Guardia was the owner of a hotel located in Queens, New York. Prior to February 18, 1963 this hotel was leased to a corporation which was licensed by respondent to maintain and operate a restaurant and bar on the premises. This lease was terminated during January or February, 1963, and the management thereof reverted to La Guardia and is now vested in petitioners as trustees for this debtor corporation.
On August 9, 1963 petitioners herein filed an application by La Guardia with the New York City Alcoholic Beverage Control (A. B. C.) Board, for the issuance of a restaurant liquor license, to be located in the afore-mentioned hotel. The A. B. C. Board approved the application and forwarded it, with its recommendation, to the New York State Liquor Authority. No hearing on the application was ever held by respondent Liquor Authority, or by the A. B. C. Board.
On October 15, 1963 petitioners were informed by respondent that the application was disapproved, on the ground that it was not the policy of the Authority to issue a license to persons in a representative capacity and, further, that there was presently outstanding the license of the predecessor in interest to the premises and no license could be issued without proper indorsement and surrender of said license.
Petitioners contend that the lessee’s liquor license had been surrendered to the A. B. C. Board. Petitioners requested reconsideration on October 18, 1963, calling attention to respondent that the application was in the name of the debtor corporation itself and that the previous license had already been surrendered.
On November 4, 1963 the respondent by letter notified petitioners that the request for reconsideration was denied and that “ the board notes the existing problems of the application but further notes the inherent prohibition in the law. The board will give consideration to an approvable applicant who will be a bona fide lessee of the premises.”
On November 12, 1963 petitioners submitted three letters to the Liquor Authority. One letter requested an opinion from the Authority regarding a proposed procedure for obtaining a license, and the remaining two requested additional reconsideration.
*368 On October 19,1963 petitioners were notified of the denial of this request. Q
It appears that the economic success of this transient hotel near La Guardia Airport is dependent upon there being liquor facilities available on the premises. It is petitioners ’ contention, as well as that of the United States District Court Judge who authorized the institution of this proceeding, that “ any delay in the issuance of said liquor license would be highly prejudicial to the Estate of La Guardia Hotel Sire Plan, Inc., debtor, and said investors and would irreparably injure the estate and the investors. ’ ’
There are approximately 881 public investors involved.
It is the further contention of petitioners that there is no prohibition in the law against the issuance of a restaurant liquor license, either to a; corporation which is presently a debtor in reorganization proceedings pursuant to chapter X of the Bankruptcy Act, or to the reorganization trustees of such debtor corporation.
Respondents, while conceding that there is no prohibition in the law for the issuance of a license as herein requested, contend that there is no provision in the law directing or authorizing such license application.
They further contend that petitioners have failed to comply with subdivision 2 of section 110 of the Alcoholic Beverage Control Law, in that several questions in the application were either improperly or not completely answered. This latter point is without real substance.
As to question 15A, petitioners cured the alleged defect by supplying to the respondent the required information. Respondents having failed to thereafter request a more formal amendment, and having raised no objection to the qualifications of those named therein, are deemed to have accepted the letter as an amendment to the application and the named individuals as qualified persons.
The alleged defects in questions 21F and G of the application were cured in like manner.
As to question 21E of the application, it appears that there is substance to the answer, as set forth in the application, that the question was inapplicable to petitioners on the grounds set forth therein. In any event, there being more than 10 stockholders, none of whom owns more than 10%, it was not incumbent upon petitioners to answer the question at all.
Therefore, the record clearly establishes that petitioners have complied with subdivision 2 of section 110 of the Alcoholic Beverage Control Law.
*369 Implicit in respondents’ contention that there is no authorization in the law for the issuance of a license under the circumstances herein is that such matters are purely discretionary. The issue then is whether or not respondents have abused that discretion.
Suffice to say that an examination of sections 3 and 64 of the Alcoholic Beverage Control Law establishes that petitioners fall within the statutory requirements of an applicant for a license to sell liquor. Subdivision 1 of section 64 provides that “ Any person may make an application ”, and subdivision 22 of section 3 defines “ Person ” as including a corporation.
Since a corporation which is a debtor in reorganization proceedings pursuant to chapter X of the Bankruptcy Act continues in existence, such a corporation must be deemed to be within the statutory construction of “ Corporation ” and is, therefore, qualified to apply for and be issued a restaurant liquor license, in the absence of any other infirmities here not claimed or established.
Respondent is vested with broad discretionary power; a power with which the court generally will not interfere. This rule, however, is conditioned on the premise that the determination made by respondents finds adequate support in the record and is free from caprice.
A careful review of the proceedings as heretofore set forth, and especially of the hypertechnical grounds advanced in support of respondents’ position, does not indicate any rational basis for denial of petitioners’ application. It is, therefore, apparent that respondents have acted in an unreasonable and arbitrary manner, sufficient to constitute an abuse of discretion.
Accordingly, the application is granted and the respondents are directed to grant the petitioners’ application and to issue the appropriate license.